# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | |
|---|---|
| MICHEAL IBENYENWA, § <br> Plaintiff, § <br> v. §    Case No. 5:18-cv-68-RWS-CMC <br> ELRODDRICK WELLS, ET AL. § <br> Defendants. § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket No. 56) recommending dismissal of this action without prejudice and Plaintiff's objections thereto (Docket No. 62). Plaintiff is an inmate proceeding *pro se*. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims.

## I. Background

After filing his original complaint, Plaintiff sought leave to file a first amended complaint, Docket Nos. 17, 18; that request was denied. Docket No. 20. Plaintiff then sought leave to file a second amended complaint, which was granted (Docket Nos. 25, 30). The second amended complaint thus became the operative pleading in the case.

The second amended complaint purported to adopt by reference portions of the original complaint and the first amended complaint; however, the Magistrate Judge observed that "Plaintiff cannot adopt or incorporate allegations from a proposed amended complaint for which leave to file was denied."

In his second amended complaint and his original complaint, Plaintiff alleged he repeatedly filed grievances and was repeatedly subjected to retaliation in various forms, including threats, false

disciplinary cases, failures to schedule him for law library sessions and restrictions as the result of disciplinary convictions. Along with his grievances, Plaintiff also states he wrote letters and inmate request forms verbally abusing unit law library personnel and correctional officers.

Defendants filed a motion to dismiss, arguing Plaintiff's claims do not meet the elements of a retaliation claim because he simply alleges in a conclusory manner that every action which he considers adverse was based on retaliation. They contend Plaintiff's claim that the allegedly retaliatory actions would deter a person of ordinary firmness from exercising his constitutional rights loses meaning in light of the fact Plaintiff filed grievance after grievance over a two-year period. Defendants also invoked the doctrines of qualified and Eleventh Amendment immunity.

Plaintiff filed a response to the motion to dismiss arguing Defendants' legal conclusions are insufficient to sustain a 12(b)(6) motion, his chronology of events should be given the benefit of the inferences to which he is are entitled, his conspiracy claims survive the motion to dismiss because Defendants did not specifically seek their dismissal, the fact he continued to file grievances is irrelevant and a finding of qualified immunity would be premature because Defendants have not answered the lawsuit.

## II. The Report of the Magistrate Judge

After setting out the arguments of the parties, the Magistrate Judge discussed the standards for motions to dismiss and claims of retaliation. In applying these standards, the Magistrate Judge determined Plaintiff's conclusory allegations fail to meet the elements of a retaliation claim because they are insufficient to show causation. The Magistrate Judge cited numerous cases holding that temporal proximity is not sufficient to show "but for" causation and that allegations of receipt of disciplinary action after filing grievances did not themselves show any link between the two. The Magistrate Judge concluded Plaintiff's allegations of retaliation were conclusory and failed to state a claim upon which relief may be granted.

With regard to Plaintiff's claims concerning false disciplinary cases, the Magistrate Judge concluded there is no free-standing constitutional right to be free from false disciplinary cases.

Instead, the Magistrate Judge stated according to the Fifth Circuit, there is no due process violation in the filing of an allegedly false disciplinary case if the prisoner has an adequate state procedural remedy with which to challenge the accusations. Because Plaintiff offered nothing to suggest he did not have an adequate state procedural remedy to challenge the disciplinary cases, the Magistrate Judge concluded he did not state a claim upon which relief may be granted in this regard.

Similarly, while Plaintiff complained he was denied access to the law library on a number of occasions, the Magistrate Judge concluded there is no abstract, free-standing right to a law library. Instead, the prisoner must allege he was denied a reasonably adequate opportunity to file non-frivolous legal claims challenging his conviction or conditions of confinement and that he suffered actual harm from this denial. Because Plaintiff did not allege any actual harm, the Magistrate Judge determined he failed to state a claim upon which relief may be granted on this issue.

Plaintiff sued four supervisory defendants—Alsobrook, Alexander, McKellar and Townsend— alleging they violated his First Amendment rights by "failing to properly supervise unit law library staff through deliberate indifference to their reprisals for exercising his rights." The Magistrate Judge stated there is no supervisory liability in § 1983 lawsuits and determined Plaintiff's allegations of failure to supervise were conclusory and not sufficient to state a claim upon which relief may be granted.

With regard to Plaintiff's conspiracy claim, the Magistrate Judge stated the intra-corporate conspiracy doctrine barred this claim because all of the alleged conspirators constituted a single legal entity. In addition, the Magistrate Judge stated Plaintiff's conspiracy claim failed because he did not show an underlying constitutional violation. Finally, the Magistrate Judge determined Defendants were entitled to Eleventh Amendment immunity from claims for monetary damages in their official capacity and qualified immunity from claims for monetary damages in their individual capacities.

### III. Analysis of Plaintiff's Objections

Plaintiff first asserts the Magistrate Judge erred in saying his first amended complaint, for which leave to file was denied, was not incorporated into his second amended complaint. He argues the order granting leave to file the second amended complaint effectively permitted incorporation of the first amended complaint. However, the Magistrate Judge correctly determined that a complaint which was never filed cannot be incorporated into a later one. *See Blessett v. Texas Attorney Gen. Galveston Child Support Enforcement Div.*, 756 F. App'x 445 (5th Cir. March 6, 2019) (holding where leave to file an amended complaint was denied, the defendants were under no obligation to respond to the unfiled document).

In addition, Plaintiff's pleadings and documents are a transparent attempt to evade the Court's page limits. When leave to file his first amended complaint was denied, the Court ordered Plaintiff to file a single amended complaint of no more than 30 pages. This comports with Local Rule CV-3(d), which provides that absent leave of the Court, complaints filed in civil rights proceedings shall not exceed 30 pages. Plaintiff's second amended complaint was 20 pages and he sought to incorporate 22 pages from the unfiled first amended complaint. Parties cannot evade the Court's page limit restrictions by incorporating arguments from other pleadings. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Perry v. Director, TDCJ*, Case No. 6:16-cv-1108, 2017 WL 3634189 (E.D. Tex. May 12, 2017), *report and recommendation adopted,* 2017 WL 3623045 (E.D. Tex. Aug. 22, 2017). Plaintiff's objection on this point is without merit.

Next, Plaintiff argues the Magistrate Judge "glossed over" his chronology of events from which he claims retaliation may plausibly be inferred. He argues he filed grievances against defendant Wells on June 7, June 14, July 6 and July 7, 2016 and that Wells publicly rebuked him with specific references to the filing of grievances, saying "you keep filing these grievances and nothing happens, you file one every seven days and nothing happens. If you keep filing these grievances, you will be getting your legal materials delivered to you."

Plaintiff acknowledges he filed grievances every seven days and argues threats of retaliation are sufficient injury if made in retaliation for uses of the grievance procedure, citing an Eighth Circuit case, *Burgess v. Moore*, 39 F.3d 216 (8th Cir. 1994). He does not allege anything ever came of Well's purported threat to "have his legal materials delivered to him."

Instead, Plaintiff argues in effect that he filed a torrent of grievances, during which time he received threats and allegedly false disciplinary cases. He argues this is sufficient to state a claim for retaliation, citing *Jones v. Marshall*, Case No. 08-cv-0563, 2010 WL 234990 (S.D.N.Y. Jan. 19, 2010). There, the court found "the close temporal proximity between plaintiff's grievance and the misbehavior report is consistent with a causal connection." However, the court in *Jones* went on to note the prisoner's extensive disciplinary history and the fact he was found guilty of the charges in the misbehavior report. The court further stated the sole evidence of a causal connection was plaintiff's assertion of a threat to fabricate a disciplinary report if the prisoner filed a grievance. The court noted that the prisoner did not cite to any additional facts in the record to support his allegation and that the claim of the threat was inconsistent with the finding of guilt; thus, the court granted the defendants' motion for summary judgment.

Plaintiff states a disciplinary case against him, filed by defendant Nations, was dismissed, but this fact does not by itself show the case was retaliatory. *See Romero v. Lann*, Case No. 5:06-cv-82, 2007 WL 2010748 (E.D. Tex. July 6, 2007). As the Magistrate Judge stated, the fact Plaintiff filed complaints and then received disciplinary cases does not itself show a chronology from which retaliation may plausibly be inferred. As in *Decker v. Dunbar*, 633 F.Supp.2d 317, 347 (E.D.Tex. 2008), Plaintiff filed so many grievances that it was inevitable that any allegedly adverse action taken against him would happen shortly after. That does not state a claim. If it did, prisoners could insulate themselves from disciplinary action by filing grievances and claiming any subsequent disciplinary action taken against them was taken in retaliation for those grievances. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The Magistrate Judge correctly concluded Plaintiff's retaliation claim failed to state a claim upon which relief may be granted because he offered nothing to suggest

a causal connection between his grievances and the allegedly adverse act beyond temporal proximity and some comments which Plaintiff characterizes as threats. *See White v. Fox*, 294 F. App'x 955 (5th Cir. 2008).

Plaintiff argues his allegation that law library staff embarked on a campaign of harassment from June 2016 through November 2018 is more than a conclusory allegation, comprising "credible, plausible facts" showing a failure to supervise. He also contends defendant Alsobrook had "actual notice of the retaliatory disciplinary cases" and is thus liable for failing to terminate a series of acts that he knew or reasonably should have known would cause others to inflict a constitutional injury. However, Plaintiff offers nothing to suggest Alsobrook or any of the other supervisory defendants knew or should have known of the alleged retaliatory motive of the disciplinary cases. While he contends Alsobrook told him "calm down on the I-60's, because if they write you up, I will have to f*** you off" and "you know how officers are, if you f*** with them, they will f*** with you," these two remarks are not sufficient to render Alsobrook liable as a supervisor. Plaintiff's objection on this point is without merit.

Plaintiff likewise asserts his conspiracy claims are based on plausible facts rather than conclusions. He states, after he exercised his "right to criticize Smith with disparaging remarks," Nations, Smith and Wells had a "meeting of the minds" on the same date to harass and retaliate against him. He does not explain how he knows of any such "meeting of the minds" beyond his own speculation that such occurred.

Plaintiff points to the incident in which he received disciplinary cases from both Wells and Nation as evidence that the two officers must have been conspiring against him. He also argues the intra-corporate conspiracy doctrine does not apply because TDCJ employees can conspire when the individuals are acting for their own private purposes. He cites *Marceaux v. Lafayette City-Parish Consol. Gov't*, 921 F.Supp.2d 605, 644 (W.D. La. Jan. 30, 2013). The relevant portion of that case reads as follows: "When an individual acts for his own personal purposes rather than for a corporation or other entity, he becomes an independent actor who can conspire with a corporation

or governmental entity. In this case, however, there are no allegations in the complaint suggesting that any of the individual defendants were acting for their own personal purposes rather than in the course and scope of their employment with the Lafayette police department at any relevant time." *Id.* The Magistrate Judge correctly concluded Plaintiff failed to allege, much less show, Defendants were acting entirely in their personal interests rather than in the course and scope of their employment with TDCJ-CID. *See also Microsoft Corp. v. Big Boy Distribution LLC*, 589 F.Supp.2d 1308, 1322–24 (S.D. Fla. Dec. 3, 2008) (finding the intra-corporate conspiracy doctrine governed investigators' actions within the scope of their employment despite the fact the actions were alleged to be illegal).

The Magistrate Judge also correctly determined Plaintiff did not set out a conspiracy claim because he did not show a constitutional violation occurred. *Hale v. Townsley*, 45 F.3d 914, 920 (5th Cir. 1995). Plaintiff's objection on this ground is without merit.

Plaintiff disclaims any intent to sue Defendants for monetary damages in their official capacities, which the Magistrate Judge correctly stated was foreclosed by the Eleventh Amendment. He argues his claims are not "conclusory" and that in fact, Defendants' invocation of the defense of qualified immunity was itself conclusory. He further contends qualified immunity relies on the subjective good faith and reasonable actions of the defendants, citing *Stephenson v. Gaskins*, 531 F.2d 765, 766 (5th Cir. 1976), but this is no longer the standard for qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987); *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005). The Magistrate Judge correctly determined Plaintiff has the burden of overcoming qualified immunity and failed to do so. Plaintiff's objection in this regard is without merit.

With regard to his claim of improper withdrawal from his inmate trust account, where he authorized a withdrawal of $19.60 but Wells deducted $25.00, Plaintiff asserts he states a claim and the district court should exercise supplemental jurisdiction. The Magistrate Judge properly concluded the district court should decline to exercise jurisdiction because all of Plaintiff's federal constitutional claims lack merit. Plaintiff's objection on this point is without merit.

Finally, Plaintiff contends his claims against Todd Harris were contained in the first amended complaint, for which leave to file was denied. He asserts Defendants did not object to the inclusion of claims from the first amended complaint in the second amended complaint and suggests the Court could forward a copy of his first amended complaint to him and pre-authorize leave for him to file it. Leave to file the first amended complaint has already been denied, and Plaintiff was given the opportunity to file "a single amended complaint, of no more than 30 pages, setting out all of the claims he wishes to raise, against all of the defendants he wishes to sue." Plaintiff was already granted leave to exceed the page limits when his 23-page original complaint was considered to be incorporated into his 20-page second amended complaint. As the Magistrate Judge explained, Plaintiff cannot incorporate a document which was never filed into his complaint. This objection is without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1). Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 56) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-titled action is **DISMISSED WITHOUT PREJUDICE**. All relief not previously granted is **DENIED-AS-MOOT**.

SIGNED this 13th day of March, 2020.

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE